292 So.2d 95

**STATE FARM AUTOMOBILE INSUR-
ANCE COMPANY, a corporation**

v.

**James Dorsey REAVES et al.**

**SC 450.**

Supreme Court of Alabama.

March 7, 1974.

Rehearing Denied April 11, 1974.

John T. Roach, Jr., Birmingham, for appellees.

Rives, Peterson, Pettus, Conway & Burge and Timothy M. Conway, Jr., Birmingham, for appellant.

**220**

BLOODWORTH, Justice.

I.

The primary question presented by this appeal is whether the trial court erred in ruling that the policy exclusion of uninsured motorist coverage to an insured while driving a motor vehicle (owned by a resident of the named insured's household) which is not described in the policy is void as violative of Alabama's Uninsured Motorist Statute, Tit. 36, § 74(62a), Code of Alabama of 1940, as amended. We hold that the trial court did not err, the provision is void, and we affirm.

The parties to this appeal appear to agree upon the basic facts in this cause. Appellee James Reaves, a minor, suffered serious injury when the motorcycle he was riding was struck by a pickup truck driven by an uninsured motorist. The motorcycle, owned by appellee Catherine Reaves, his mother, was not insured. But, James was an "insured" under the omnibus clauses of two policies issued by appellant, State Farm Mutual, to Annie Ruth Franklin, daughter of Catherine Reaves and sister of James, all residents of the same household. (The policies being identical in all material respects, we will hereinafter refer to the singular.)

The State Farm policy, however, contained the following exclusion:

"THIS INSURANCE DOES NOT APPLY:

\* \* \* \* \* \*

(b) TO BODILY INJURY TO AN INSURED WHILE OCCUPYING OR THROUGH BEING STRUCK BY A LAND MOTOR VEHICLE OWNED BY THE NAMED INSURED OR ANY RESIDENT OF THE SAME HOUSEHOLD, IF SUCH VEHICLE IS NOT AN OWNED MOTOR VEHICLE,"

*Definition of "Owned Motor Vehicle"*

"Owned Motor Vehicle—means the motor vehicle or trailer described in the declarations, . . . . "

The State Farm policy contained the following definition of the word "insured":

"Insured—the unqualified word 'insured' includes

(1) the named insured, and

(2) *If* the named insured is a person or persons, also includes his or their spouse(s), if a resident of the same household, and

(3) if residents of the same household, the relatives of the first person named in the declarations, or of his spouse, and

(4) any other person while using the owned motor vehicle, PROVIDED THE OPERATION AND THE ACTUAL USE OF SUCH VEHICLE ARE WITH THE PERMISSION OF THE NAMED INSURED OR SUCH SPOUSE AND ARE WITHIN THE SCOPE OF SUCH PERMISSION, and

(5) under coverages A and B any other person or organization, but only with respect to his or its liability for the use of such owned motor vehicle by an insured as defined in the four subsections above."

James and his mother Catherine Reaves, who held title to the motorcycle, filed claims under the policy. State Farm denied the claims relying upon the above quoted exclusion. James and Catherine Reaves then sued State Farm for a declaratory judgment seeking an adjudication of their rights under the policy and specifically seeking a declaration that the exclusion relied upon is void. Trial was had before The Honorable William C. Barber, Circuit Judge, without a jury. After the trial, a declaratory judgment favorable to the Reaves was rendered against State Farm; and judgments were rendered for James Reaves for $15,000 and for Catherine Reaves for $5,000, together with interest at six percent from February 15, 1970, the date on which State Farm received notice of the occurrence. It is from this declaratory judgment that State Farm appeals.

The primary question raised by this appeal presents a case of first impression in Alabama. Looking to our sister states, we find three decisions on this point based upon quite similar uninsured motorist statutes and policy exclusions.

Appellees urge us to follow the most recent of these cases, Mullis v. State Farm Mutual Automobile Insurance Co., 252 So. 2d 229 (Fla.1971). In *Mullis* the Supreme Court of Florida in an extensive opinion held the exclusion void under the Florida statute based upon reasoning that the uninsured motorist protection required by the statute was intended "to provide the reciprocal or mutual equivalent of automobile liability coverage prescribed by the [Florida] Financial Responsibility Law, i. e., to say coverage where an uninsured motorist negligently inflicts bodily injury or death upon a named insured, or any of his family relatives resident in his household, or any lawful occupants of the insured automobile in his automobile liability policy." By this decision, appellant argues the Florida court has judicially created a mandatory class of insureds which must be covered in every automoibile liability policy issued in that state.

If such be the holding of the Florida court in *Mullis,* we cannot quarrel with this result. (We take note that many states have achieved this same result by legislative action.) We, however, cannot divine such an intent from the language of our Alabama statute. If it is deemed desirable to require insurance companies in Alabama to provide coverage to a certain class of persons in all policies under our "Motor Vehicle Responsibility Act," we think it necessary that the legislature say so specifically.

On the other hand, appellant urges us to follow the cases of Shipley v. American Standard Insurance Company of Wisconsin, 183 Neb. 109, 158 N.W.2d 238 (1968) and McElyea v. Safeway Insurance Company, 131 Ill.App.2d 452, 266 N.E.2d 146 (1970). Both the Nebraska and Illinois courts summarily reject any challenge to the validity of the exclusion with only a bare minimum of discussion. Likewise,

both courts viewed the issue primarily as one of construction of the terms of the insurance contract and whether the facts there presented fell within the scope of the exclusion. But, both these courts fail to address themselves to the fundamental question as to whether the uninsured motorist statute curtails the right of contracting parties to include such an exclusion.

In the case before us, the meaning of the exclusion in the contract is relatively clear. The crucial question we must meet and answer is whether the exclusion is barred by the provisions of Tit. 36, § 74(62a), Code of Alabama of 1940, as last amended, which reads as follows:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section 74(46) of this title, under provisions approved by the commissioner of insurance, for the protection of *persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the *named insured* shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the cov-

erage in connection with the policy previously issued to him by the same insurer." [Our emphasis.]

Appellant urges us to read the above quoted statute as requiring uninsured motorist coverage only for the *named insured,* and contends that since uninsured motorist coverage of relatives resident in the named insured's household is not required, the insurer is free to limit the scope of any coverage it chooses to extend to this class of insureds.

■ We cannot agree that § 74(62a) is subject to such a construction. The plain language of the statute provides that "[n]o automobile liability * * * policy * * * shall be delivered or issued * * * in this state * * * unless coverage is provided therein * * * for the protection of *persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *." The statute does not read "named insured"; by the literal words of the statute, it mandates uninsured motorist coverage for "persons insured thereunder" in the policy.

Nor are we convinced that the legislature meant to require coverage only for the "named insured" when it stated "persons insured thereunder."[1] Section 74 (62a) goes on to speak of the right of the "named insured" to reject such coverage. The use of the broader term "persons insured thereunder" and the narrower term "named insured" in the same sentence appears to us to indicate clearly that the legislature intended to draw a distinction between the two types of insureds, and did indeed intend to require uninsured motorist coverage for the broader class "persons insured thereunder."

1. In our recent opinion in State Farm Mutual Automobile Insurance Company v. Martin (1974) 291 Ala. 103, 289 So.2d 606, the following appears:

"A careful examination of Act No. 866 shows that our statute requires uninsured

motorist coverage to be provided the *named insured."*

We do not consider that statement to be inconsistent with the view just expressed, since that statement was made in a different factual setting.

Moreover, the use of the plural "persons insured thereunder" in one clause and the singular "named insured" in the other would indicate that the legislature envisioned that, in the type of policy in question here having the usual "omnibus clause," uninsured motorist coverage was intended to be extended to *all* "persons insured thereunder," without regard to the mentioned exclusion.

■ While we do not read the statute as requiring every automobile liability insurance policy to include an "omnibus clause," nevertheless once an automobile liability policy is issued extending coverage to a certain class of insureds under such a clause, uninsured motorist coverage must be offered to cover the same class of insureds. Appellant admits that appellees here come within the policy definition of the word "Insured" being relatives of the named insured and residents of the same household.

■ It is, therefore, that we conclude that appellees were among the "persons insured thereunder" in the subject policy, within the provisions of § 74(62a), and as such were required to be given uninsured motorist coverage, absent a rejection of such coverage by the "named insured."

■ Having concluded that the statute requires that uninsured motorist coverage be extended not only to the named insured but to *all* persons insured under the policy, we now consider whether the exclusion of "bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an owned motor vehicle" is in violation of the mandate of the Alabama Uninsured Motorist statute. We are compelled to conclude it does violate the statute and is, therefore, void.

Appellant contends that to deny the insurance company the right to insist on this exclusion will produce an "unreasonable" result not supported by any "overriding public policy."

Mr. Justice McCall writing for this Court in Higgins v. Nationwide Mutual Insurance Company, 291 Ala. 462, 282 So.2d 301 (1973), in construing the Alabama Uninsured Motorist Statute as applied to the exclusion of government-owned vehicles from the class of uninsured motorists, had this to say:

"The purpose of Act No. 866 [Uninsured Motorist Statute] is to provide coverage 'for the protection of persons insured thereunder' against injury, including death, caused by the wrongful act of an uninsured motorist. Gulf American Fire & Casualty Co. v. Gowan, 283 Ala. 480, 218 So.2d 688. While there may be argument for not including motor vehicles owned by the United States, Canada, a state or a political subdivision or agency of any of these, since governmental bodies are likely able to respond in damages, the fact remains that the Legislature did not provide this exclusion in the Act. It might have undertaken to do so, had it desired, Jones v. Southern Farm Bureau Casualty Co., 251 S.C. 446, 163 S.E.2d 306, but not having done so, it is mandatory that Act No. 866, the governing law be read into the policy contract as it exists. Where the inclusion of uninsured motorist coverage is mandatory under an act, unless specifically waived, the governing act states what the coverage shall include. * * *"

" * * * the question is whether conditions may be imposed in a policy which conditions restrict the uninsured motorist coverage prescribed by law.

"We think that in the absence of any language in the act authorizing the exclusion, no exclusion of governmentally owned motor vehicles may be created in the policy. An attempt to include such in the policy provisions conflicts with the mandate of the act. The act provides such insurance protection for in-

sureds without limitation or restriction as to whether or not the uninsured motor vehicle is governmentally owned or operated, and restricting the act's scope thwarts its purpose."

While we realize that the exclusion at issue in *Higgins* is of a different character than that in the case at bar, we believe that the same reasoning applies. Thus, in the absence of any language in the statute authorizing the exclusion, no exclusion for injuries suffered while driving a vehicle "not an owned motor vehicle" (i. e. not listed in that particular policy) may be created by the policy. While there may be some argument which may be made in favor of such an exclusion, the fact remains that the statute mandates coverage and the legislature did not see fit to provide for such an exclusion. Higgins v. Nationwide Mutual Insurance Co., supra.

Moreover, as the insurance policy in question reads, it appears to insure appellee James Reaves against bodily injury sustained if he were struck by a negligent, uninsured motorist when driving the car described in the policy; when driving any car owned by anyone other than the residents of the named insured's household, whether insured or uninsured; even, when walking.

To require an insurer under the statute to also extend coverage to such an insured while driving his own vehicle, or one belonging to another member of the household, though uninsured, does not place an unreasonable burden on an insurer. Such result not only does not conflict with the policy underlying the Uninsured Motorist Statute, but it furthers this policy. This Court has stated that policy to be:

"Uninsured motorist coverage is intended to provide financial recompense to innocent persons who are injured and to dependents of those who are killed because of the wrongful conduct of uninsured motorists. * * *"

Gulf American Fire and Casualty Company v. Gowan, 283 Ala. 480, 483, 218 So.2d 688 (1969).

Accordingly, we hold the exclusion in the subject policy to be void as repugnant to Tit. 36, § 74(62a), Code of Alabama of 1940, as last amended.

II.

Having concluded the exclusion to be void, the next issue to be resolved is whether the trial court erred in determining the amount of coverage applicable under the two policies to be a total of $20,000 for injury to one person.

■ This Court has stated that where an exclusion in a policy is more restrictive than the Uninsured Motorist Statute, it is void and unenforceable. Additionally, the statute requiring coverage becomes a part of every policy as an implied term as if it were written out in full in the policy itself. Higgins v. Nationwide Mutual Insurance Company, supra, 282 So.2d at 303–304, 305–308. See also, 11 Am.Jr. Trials, § 6, at 86; Couch on Insurance, 2d ed., vol. 12, § 45,625, at 571; Corbin on Contracts, vol. 3, § 551, at 200–01. Therefore, the minimum amount of coverage required by statute is the amount applicable in this cause.

Appellant contends that the statutorily required coverage is $5,000 for bodily injury or death to one person in any one accident. Appellant argues that Act No. 704, 1951 Acts, pp. 1224–44, § 5(c) validly amended the Code of Alabama of 1940, as amended, Tit. 36, § 74(46) and set minimum policy limits at $5,000 for a single person injured in any one accident. Appellant then contends that Act No. 866, 1965 Acts, pp. 1614–15, required uninsured motorist coverage in the amounts specified in Tit. 36, § 74(46), "Code of 1958" (sic). Appellant argues that even though there is no official Code of 1958 (only the unofficial Michie Recompilation), Act No. 866 validly amended the law because the Act refers to § 5(c) of the Motor Vehicle

Safety Responsibility Act which is readily identifiable as Act No. 704, 1951 Acts, p. 1224, whose title is "Alabama Motor Vehicle Responsibility Act." But, appellant then argues that Act No. 578, 1965 Acts, pp. 1074–76, which raises the minimum policy limits from $5,000 per person and $10,000 per accident to $10,000 per person and $20,000 per accident is void and ineffective because it purports to amend "[s]ection 74(46) Title 36 of the Code of Alabama, 1940." Appellant contends the Act is void because there is no such section in the 1940 Code, and the Act fails to state the 1940 Code of Alabama, as last amended. Such an argument is ingenuous.

We are not persuaded, however, that such a hyper-technical approach should be invoked by this court to overturn an act of the legislature. As a matter of fact, appellant's argument rehabilitating the defects of Act No. 866 (1965) is equally applicable to Act No. 578 (1965). The latter act refers to the proper section numbers of the 1940 Code, as amended; it, too, states that it revises the Motor Vehicle Safety Responsibility Act, so that the specific portion of the Code is easily identifiable; and, finally, we note that Act 578 tracts the language of the designated sections of the 1940 Code, as amended.

In State v. Bay Towing and Dredging Company, 265 Ala. 282, 90 So.2d 743, 748 (1956), this Court quoted with approval the following passage from Corpus Juris Secundum:

"It is a cardinal, or the basic, rule of construction that, when reasonably possible or practicable, a statute * * * must, or will, be so construed as to uphold its constitutionality or validity, and not so construed as to endanger its validity, either in whole or in part; and this is true even though the interpretation of the statute involves most difficult questions, and even though its constitutionality has not been questioned. The duty of the court, to this end, is to construe the statute, if possible, so as to effec-

tuate the will, intent, object, purpose, or policy of the legislature, as expressed in the statute; and statutes will, or should, be liberally or reasonably construed so as to sustain their constitutionality or validity; * * *." 16 C.J.S. Constitutional Law § 98, p. 359.

And in In re Opinion of the Justices, 267 Ala. 114, 100 So.2d 681 (1958), the justices opined, viz.:

"The cardinal rule in interpreting legislative enactments, to which all other rules are subordinate, is that the court must ascertain and give effect to the true legislative intent. This court has many times held obvious errors in the language of statutes to be self-correcting and has declined to follow the literal language of statutes when to do so would defeat the legislative purpose in enacting the statute or would produce absurd or unreasonable results. Ex parte Rice, 265 Ala. 454, 92 So.2d 16; Touart v. American Cyanamid Co., 250 Ala. 551, 35 So. 2d 484; Metcalf v. Department of Industrial Relations, 245 Ala. 299, 16 So.2d 787; Broaddus v. Johnson, 235 Ala. 314, 179 So. 215; Long v. Talladega Nat. Bank, 236 Ala. 366, 182 So. 14; Henry v. McCormack Bros. Motor Car Co., 232 Ala. 196, 167 So. 256; Nunez v. Borden, 226 Ala. 381, 147 So. 166; State ex rel. Austin v. Black, 224 Ala. 200, 139 So. 431; Davis & Co. v. Thomas, 154 Ala. 279, 45 So. 897; Cocciola v. Wood-Dickerson Supply Co., 136 Ala. 532, 33 So. 856; Hooper & Nolen v. Birchfield, 115 Ala. 226, 22 So. 68; Harper v. State, 109 Ala. 28, 19 So. 857; Rawls v. Doe ex dem. Kennedy, 23 Ala. 240; Thompson v. State, 20 Ala. 54; 50 Am.Jur., "Statutes," §§ 223, 240, 377; 82 C.J.S. "Statutes" §§ 321, 322(3), 323, 325, 342."

■ We think the error in Act No. 578 is self-correcting. The intent of the legislature is clear. Act No. 578 amended Tit. 36, § 74(46) of the Code of Alabama of 1940, as last amended. To conclude other-

wise would be to unnecessarily defeat the legislative intent in enacting the statute.

Nor do we find the case of State v. Baumhauer, 239 Ala. 476, 195 So. 869 (1940), cited to us by appellant, persuasive on this point. The rigid approach of the *Baumhauer* case has been greatly modified in subsequent cases. See cases cited supra. Moreover, the *Baumhauer* case is distinguishable on its facts, and we see no good purpose to be served in extending the holding .of that case.

We must, therefore, conclude that the trial court was correct in holding the amount of coverage to be $10,000 per person and $20,000 per accident.

### III.

The final question for our consideration is whether the trial court erred by including as a part of the amount due from appellant to appellees interest at six percent per annum from the date of notice of the accident. Appellant contends that interest cannot begin to accrue until the date final judgment is entered. We cannot agree.

Title 9, § 62, Code of Alabama of 1940, as last amended, provides as follows:

"*Interest accrues on breach of contract.*—All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty, bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money performed."

This Court in St. Paul Fire & Marine Insurance Company v. Smith, 280 Ala. 425, 194 So.2d 830, 833 (1967), in a suit against an insurer for "collision" damage, held:

"*Interest on the amount payable under any type of insurance policy* is assessed by statute, Tit. 9, § 62, Code 1940. Interest *is due from the date the amount of the loss should have been paid to the*

*date of the trial.* Great American Ins. Co. v. Railroad Furniture Salvage of Mobile, 276 Ala. 394, 162 So.2d 488; Aetna Life Ins. Co. v. Wade, 210 Ala. 170, 97 So. 636." [Emphasis ours.]

Again, in State Farm Mutual Insurance Company v. Cahoon, 287 Ala. 462, 252 So. 2d 619, 624 (1971), this Court held that an action, such as the one at bar, brought under the uninsured motorist provisions of an automobile insurance policy is a contract action, viz.:

"The present judgment was rendered in a suit by Cahoon in an action in contract based on the insurance contract entered into between Cahoon and State Farm."

(While the issue was not argued on appeal, it appears that prejudgment interest was assessed in *Cahoon,* supra.)

Appellant contends that the rule allowing interest on damages in suits on insurance policies stated in St. Paul Fire & Marine Insurance Company v. Smith, supra, and cases cited therein, does not apply to the uninsured motorist situation. Appellant reasons that the general rule is that unliquidated damages do not bear interest and that uninsured motorist claims are always unliquidated until final judgment because the policy states the amount recoverable in terms of the amount the insured "shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury."

Under appellant's reasoning, no uninsured motorist claim could become a liquidated debt due a policyholder until after full trial. This argument proves too much. Certainly, there may be disagreements between insurer and insured as to how much (or whether any sum) is rightfully due, and that disagreement ultimately may have to be settled in a court of law. But such is true of other contract actions as well. In such a case, the court determines after the fact the amount which was owed at the time demand was made and the contract

breached by refusing that demand. We do not read the insurance policy before this Court as requiring a full trial before the benefits become payable under the policy.

Accordingly, the judgment of the trial court is due to be affirmed in all respects.

Affirmed.

All the Justices concur.