ALMON, Justice.
This is an action for declaratory judgment. Graham F. James, plaintiff-appellant, was injured as a result of an accident which occurred on Alabama Highway No. 63 south of Montgomery. He seeks the benefits of the uninsured motorist and medical payments provisions of an automobile liability policy issued by the defendant-appellee, Allstate Insurance Company, Inc., to another person, Eugene Roberson.
The evidence showed that appellant, owner of James Motorcycle Company in Florence, had been racing motorcycles for the Yamaha Motor Company in the Day-tona Annual Speed Week Classic at Day-tona Beach, Florida. Michael E. Roberson, a seventeen year old employee of appellant, had gone with him to help out with the driving to Daytona Beach and back.
On the return trip to Florence they stopped at a restaurant approximately one hundred and fifty miles south of Montgomery. After their departure Roberson began driving and appellant was in the back of the truck lying on a blanket and sleeping bag. Roberson attempted to pass a truck on the right. The driver of the truck apparently did not see Roberson; the truck veered into the right lane; and appellant ran off the road and into a tree.
At the time of the accident, appellant was asleep. As a result of the accident, he received severe injuries and is now paralyzed from the waist down. He has incurred hospital, doctor, and medical bills in excess of $25,000.00.
The truck involved in the accident was a business truck owned by appellant and available to Roberson for his use in appellant’s business.
At the time of the accident appellant had a policy of insurance on the vehicle involved in the accident with Auto-Owners Insurance Company. By way of an out of court settlement Auto-Owners paid uninsured motorist benefits of $9,000.00 to appellant. He received another $8,500.00 in uninsured motorist benefits from Farm Bureau through a policy on his private family car. At the time of the accident Michael Roberson lived with his parents, Mr. and Mrs. Eugene Roberson. Eugene Roberson had a family protection policy with appellee covering three automobiles. There was uninsured motorist coverage and medical payments coverage on each car.
Appellant filed a suit for Declaratory Judgment in the Circuit Court of Lauder-dale County seeking to reach and stack the uninsured motorist and medical payments benefits of the Allstate policy. Appellant claimed that his coverage was provided by Section II.1.(b) of the policy which includes as an “insured” under the uninsured motorist section of the policy “any other person while occupying an insured automobile.”
This case was tried in conjunction with Eugene Roberson v. Allstate Insurance Company, Inc., Case No. 74-E-581 and Michael E. Roberson v. Allstate Insurance Company, Inc., Case. No. 74-E-580.
The evidence was heard by the court without a jury. The court rendered judgment in favor of Eugene Roberson against Allstate Insurance Company, Inc., and in favor of Michael E. Roberson against Allstate Insurance Company, Inc. The judgment here in question was in favor of Allstate Insurance Company, Inc., against appellant and the court found that there was no coverage for appellant under the Allstate policy.
Appellant states in brief that the sole issue is whether he was an insured under the *684 uninsured motorist provision of the Roberson policy.
The uninsured motorist provision of the Roberson policy provided in pertinent part as follows:
“Allstate will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile;”

“1. ‘insured’ means:
“(a) the named insured as stated in the policy, the spouse of any such named insured and relatives of either, while residents of the same household;
“(b) any other person while occupying an insured automobile; and
“(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (a) or (b) above.” (Emphasis added).
Appellant maintains that when the lower court found in favor of Eugene Roberson and Michael E. Roberson in Eugene Roberson v. Allstate Insurance Company, Inc., Case No. 74-E-581, and Michael E. Roberson v. Allstate Insurance Company, Inc., Case No. 74-E-580, a judicial determination was made that Michael E. Roberson was an “insured,” that the vehicle which he was driving was an “insured automobile,” and that the sole proximate cause of the accident was the negligence of a hit- and-run driver. Consequently, appellant submits that he was an insured under the plain provision under “insured” as “(b) any other person while occupying an insured automobile.”
We have studied the final judgments of the trial court in Eugene Roberson v. Allstate Insurance Company, Inc. and Michael E. Roberson v. Allstate Insurance Company, Inc., and we have concluded that appellant’s argument has an incorrect premise. The trial court makes no mention of a finding in either final judgment that Michael E. Roberson was driving an insured automobile. The trial judge merely stated in both cases that he found the issues in favor of the plaintiff. Although the trial judge did not state his reasoning in those cases, it is clear to us that he found Michael E. Roberson an “insured” under (a) above as a relative of the named insured as stated in the policy.
It would have been both unnecessary and incorrect for the trial court to have found that Michael E. Roberson was driving an insured automobile. “Insured automobile” is defined under the uninsured motorist, provisions of the Roberson policy as follows:
“2. ‘insured automobile’ means an automobile :
“(a) described in the declarations as an insured automobile to which the bodily injury liability coverage of the policy applies;
“(b) while temporarily used as a substitute for an insured automobile as described in subparagraph (a) above, when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
“(c) while being operated by a named insured or by his spouse if a resident of the same household; but the term ‘insured automobile’ shall not include:

“(iv) under subparagraphs (b) and (c) above, an automobile furnished for *685 the regular use of the named insured or any resident of the same household.”
The truck which was driven by Michael E. Roberson was not (a) “described in the declarations” of the policy, nor (b) “temporarily used as a substitute for an insured automobile,” nor was it (c) “being operated by a named insured or his spouse.”
There was ample evidence from which the trial judge could conclude that the business truck was furnished by appellant and was regularly available to Michael E. Roberson for his use in appellant’s business. Michael Roberson testified as follows :
“Q. All right, this was a truck that was involved in this accident, this was the regular business truck that was used in Mr. James’ Motorcycle business ?
“A. Yes, sir.
“Q. And you drove it regularly ?
“A. Yes, sir.
“Q. And it was regularly available for your use or Mr. James’ use, either one, in the business ?
“A. Yes, sir.
“Q. And not only available, but you used it, didn’t you ?
“A. In the business, yes, sir.”
Thus, the vehicle would be specifically excluded from the definition of an “insured automobile” under (iv) above.
The only hope which appellant had for coming within the definition of “insured,” as defined above, was under (b) as “any other person while occupying an insured automobile; . . .” Since we have determined that the vehicle was not an “insured automobile,” we must conclude that appellant does not come within the scope of coverage of the Roberson policy.
Appellant cites State Farm Automobile Insurance Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974), for the proposition that Tit. 36, § 74(62a), Code of Alabama 1940, Recompiled 1958, mandates uninsured motorist coverage for persons insured under a policy. We consider Reaves, supra, inapplicable as we have already determined that appellant was not an “insured” under the Roberson policy.
The judgment is hereby affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER, SHORES and EMBRY, JJ., concur.