**Marshall ANDERSON,**
**Plaintiff-Appellant,**

v.

**ALLSTATE INSURANCE CO.,**
**Defendant-Appellee.**

No. 81–7006.

United States Court of Appeals,
Eleventh Circuit.

Sept. 16, 1982.

Henry H. Self, Florence, Ala., for plaintiff-appellant.

Almon, McAlister, Ashe, Baccus & Smith, Steve A. Baccus, Sheffield, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, TJOFLAT and VANCE, Circuit Judges.

---

TJOFLAT, Circuit Judge:

Marshall Anderson appeals the district court's entry of summary judgment in favor of the Allstate Insurance Company on his uninsured motorist claim. Because it affirmatively appears from the record that Anderson was not insured by Allstate, we affirm.

## I.

The facts are undisputed. In November 1977, Marshall Anderson lived in his father's home in Colbert County, Alabama. Anderson owned one automobile, which he insured through State Farm Mutual Automobile Insurance Company, and his father owned two vehicles, both insured by Allstate Insurance Company.

On November 6, 1977, Anderson was seriously injured in an automobile accident in Colbert County; he was driving the automobile he owned when it was struck by a vehicle driven by Timothy Bratcher. Anderson soon discovered that Bratcher was uninsured and he therefore filed a claim with his insurer, State Farm, for benefits under the uninsured motorist coverage of his policy. State Farm refused to pay Anderson's claim, and in June 1978, Anderson sued State Farm in Alabama state court claiming $10,000, the amount of his policy limit, in damages. The case was set for trial in November 1979.

Late in October 1979, Anderson told his attorney that he was living with his father at the time of his accident. The attorney advised Anderson that he probably was covered under the uninsured motorist provisions of his father's Allstate policy. Counsel also advised Anderson that because State Farm was the primary insurer, no claim could be made under that Allstate policy unless and until Anderson obtained a judgment against State Farm in excess of $10,000. Anderson therefore made no claim against Allstate prior to the conclusion of his suit against State Farm.

On November 14, 1979, Anderson obtained judgment against State Farm for $11,-200.[1] State Farm satisfied the judgment on December 13, 1979. The next day Anderson instituted these proceedings against Allstate. Anderson alleged that his father's Allstate policy provided him with excess uninsured motorist coverage, and he sought $30,000 in personal injury damages. The suit was Allstate's first notice of Anderson's November, 1977, accident.

Allstate's answer denied that Anderson was an insured under his father's policy and asserted, in the alternative, that Anderson failed to give it timely notice of the accident, a condition precedent to recovery. Allstate then moved for summary judgment. The district court granted the motion on November 26, 1980, concluding that Anderson's failure to notify Allstate until twenty-five months after his accident breached the notice requirement of its policy and precluded Anderson's claim. This appeal followed.

## II.

In granting Allstate's motion for summary judgment, the district court assumed that Anderson was an insured under his father's Allstate policy. That assumption was clearly in error, for it affirmatively appears from the record that Anderson was not an insured under that policy.

The uninsured motorist provision of the Allstate policy defines persons insured under that provision as:

(a) the named insured [Anderson's father] the spouse of any such named insured and relatives of either, while residents of the same household [Anderson];

Anderson plainly is an insured under the above provision. Under the terms of a policy exclusion, however, he is not covered for the injuries he sustained in his accident. The exclusion states that uninsured motorist coverage does not apply:

to bodily injury to an insured [Anderson] while occupying an automobile (other

---

1. Neither the record nor the briefs on appeal indicate how this judgment was calculated or whether it contained costs, interest or attorney's fees.

than an insured automobile) owned by . . . any relative resident in the same household [Anderson] . . . .

Anderson claims that this exclusion is unenforceable under the holding of the Alabama Supreme Court in *State Farm Automobile Ins. Co. v. Reaves*, 292 Ala. 218, 292 So.2d 95 (Ala.1974). In *Reaves*, a relative of the named insured, who lived in the named insured's household, was injured when his motorcycle was struck by an uninsured motorist. The relative was covered under the liability section of the named insured's policy, but he was excluded from the uninsured motorist coverage of the policy by a provision nearly identical to that contained in the Allstate policy before us. Construing Title 36, § 74(62a) of the Code of 1940, now Ala.Code § 32–7–23 (1975), the *Reaves* court concluded that "once an automobile liability policy is issued extending [liability] coverage to a certain class of insureds . . . uninsured motorist coverage must be offered to cover the same class of insured." *Reaves*, 292 So.2d at 99. Because the policy provided the relative liability protection, the *Reaves* court refused to enforce the exclusion that removed the relative from uninsured motorist coverage absent a showing that such coverage had been offered to and affirmatively rejected by the named insured. *Id.*

In a decision following *Reaves*, the Alabama Supreme Court made it clear that exclusions like the one in Allstate's policy are unenforceable *only* where they deny uninsured motorist coverage to "persons insured under the liability provisions of the policy." *Alabama Farm Bureau Mutual Cas. Ins. Co. v. Pigott*, 393 So.2d 1379, 1382 (Ala.1981). Thus, the Allstate provision

2. Anderson contends that some persons not listed in these paragraphs are nevertheless included in the definition of insured by the following provision:

*Definitions of words used under this Section*
1. Persons Insured
   (a) *"insured"* means any person or organization listed as insured in this Section;
   (b) *"named insured"* means the individual named in the declarations, and his spouse if a resident of the same household; and

that denies Anderson uninsured motorist coverage is enforceable if the policy also denies him liability coverage.

We turn, then, to the liability provisions of the Allstate policy. Referring to Anderson's father as the named insured, these provisions state that the following persons are insured:

1. The named insured with respect to the owned or a non-owned automobile, provided the use of such non-owned automobile is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission;

2. Any resident of the named insured's household with respect to the owned automobile;

3. Any other person with respect to the owned automobile, provided the use thereof is with the permission of the named insured and within the scope of such permission;

4. Any relative with respect to a non-owned private passenger automobile or trailer not regularly furnished for use of such relative, provided the use by such relative is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission; and

5. Any other person or organization, but only with respect to his or its liability because of acts or omissions by a person who is insured under any of the four preceding paragraphs; provided the automobile, if a non-owned automobile, is not owned or hired by such other person or organization.[2]

(c) *"relative"* means a relative of the named insured who is a resident of the same household.
This passage, according to Anderson, defines "Persons Insured" to include relatives of the named insured who are residents of the same household. Read in context, this passage means nothing of the sort. "Persons Insured" is not a term defined in this section; it is merely an identification of the class of terms into which fall the words "insured," "named insured" and "relative." As this very provision

The policy also defines the terms "owned" and "non-owned" automobile:

> "*owned automobile*" means the vehicle described in the declarations, and, as defined herein, any replacement automobile, any additional automobile, any temporary substitute automobile, and any trailer owned by the named insured; however, this definition shall not apply under any coverage unless a premium is charged for the application of such coverage with respect to such vehicle;

> \*　　\*　　\*　　\*　　\*　　\*

> "*non-owned automobile*" means an automobile, including a trailer, not owned by, or furnished or available for the regular use of, the named insured or any resident of his household other than a temporary substitute automobile, provided the use thereof is with the permission of the owner.

It is undisputed that Anderson's automobile was not an "owned automobile" under his father's policy. Moreover, since Anderson's automobile was owned by him and therefore regularly available for his use, it was not a "non-owned automobile." Thus, none of the definitions of insured under the Allstate policy provides liability coverage for Anderson with respect to *his* automobile. Obviously, Allstate did not intend to contract with Anderson's father to provide liability coverage on automobiles in the Anderson household for which no premium had been paid, and the company unambiguously has made that intent part of the insurance contract.

Because Anderson is not covered under the liability section of his father's policy with respect to third-party claims for bodily injury and property damage involving Anderson's automobile, Allstate's exclusion of Anderson from coverage under the uninsured motorist section of the policy is enforceable. *Pigott*, 393 So.2d at 1382. Thus, Anderson has no claim against Allstate, and the district court's entry of summary judg-

ment in favor of Allstate must be affirmed.[3]

AFFIRMED.

VANCE, Circuit Judge, concurring:

I concur in the result.

---

states, " 'insured' means any person ... listed as insured in this Section," that is, in the five numbered paragraphs quoted in the text.

3. Under our holding we need not and do not consider whether Anderson provided timely notice to Allstate under the terms of his father's policy.