ALMON, Justice.
Appellants seek to have this Court declare that interest on a sum due them under a policy of fire insurance accrued at the rate of twelve per cent. Appellants sued on the policy and judgment was entered in their favor on December 17, 1981. This Court affirmed. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Moore, 435 So.2d 712 (Ala.1983).
After affirmance, Farm Bureau petitioned the trial court to determine the amount due on the judgment. Farm Bureau took the position that, although post-judgment interest should be computed at twelve per cent under the provisions of Act No. 81-1115, Ala. Acts 1981, Third Special Session, interest on the amount due under the policy should be computed at six per cent from the time payment was due to the time of judgment.
*1321 Act No. 81-1115 took effect on November 13, 1981, and amended Code 1975, § 8-8-10, to read in pertinent part:
“Judgments for the payment of money, other than costs, bear interest from the day of entry, at a rate of twelve (12) percent per annum, the provisions of Section 8-8-1 of the Code of Alabama 1975 to the contrary notwithstanding .
(Emphasis added.)
The trial court agreed with Farm Bureau’s position that the pre-judgment interest should be computed at six per cent under Code 1975, § 8-8-1. We also agree. Act No. 81-1115 relates only to interest from the date of entry of judgment. Interest from the date payment was due to the date of judgment should be computed at six per cent under the provisions of § 8-8-1.State Farm Automobile Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974). See also, Jones v. Casey, 445 So.2d 873 (Ala.1983).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.