**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Plaintiff-Appellant,**

v.

**Jerry W. JACKSON, as the Administrator of the Estate of Kenneth L. Ivey and Shellie K. Ivey, Defendants-Appellees.**

No. 83–7432.

United States Court of Appeals, Eleventh Circuit.

Aug. 6, 1984.

Harvey Jackson, Jr., Jim Beech, Jasper, Ala., for plaintiff-appellant.

Jerry W. Jackson, pro se.

Before TJOFLAT and HATCHETT, Circuit Judges, and GARZA *, Senior Circuit Judge.

* Honorable Reynaldo Garza, U.S. Circuit Judge for the Fifth Circuit Court, sitting by designation.

**402**

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO ALABAMA CONSTITUTION, ARTICLE VI, AMENDMENT NO. 328, SECTION 6.02(b), ALABAMA RULES OF APPELLATE PROCEDURE, RULE 18.

TO THE SUPREME COURT OF ALABAMA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves a question of Alabama law which is determinative of the cause, but unanswered by controlling precedent of the Supreme Court of Alabama or any other Alabama appellate court. We therefore certify the question for resolution by the highest court of Alabama.

It comes to the United States Court of Appeals for the Eleventh Circuit on appeal from the United States District Court for the Northern District of Alabama.

The following facts are taken from the trial court's Memorandum Opinion.

(1) This case arises out of a single motor vehicle accident in which Kenneth L. Ivey, deceased, was a passenger, which accident occurred on April 17, 1983 on what is known as the Strip Pit Road in Winston County, Alabama. This motor vehicle was owned and operated by Leslie Swart, Jr., who also died as a result of the accident. Leslie Swart, Jr., was a cousin of the mother of the deceased, Kenneth L. Ivey, and Leslie Swart, Jr., was a resident relative living with the deceased, Kenneth L. Ivey, and his parents, Mr. and Mrs. Shellie K. Ivey, at Route # 4, Box 160, Haleyville, Winston County, Alabama at the time of this accident. Prior to April 17, 1982, the date of the accident, the appellant had issued seven (7) automobile liability insurance policies wherein appellee, Shellie K. Ivey was the named insured in three (3) of these policies and Kenneth L. Ivey, deceased, was the named insured in four (4) of them. None of these policies had termi-

nated as of the date of the accident and at that time the said Leslie Swart, Jr. was an uninsured motorist. Certified copies of the policies as listed in the complaint are authentic and true and correct.

(2) Under the three (3) policies issued to Shellie K. Ivey, the father of Kenneth L. Ivey, deceased, and the four (4) policies issued to Kenneth L. Ivey deceased the following definitions are contained.

On page 2
NON–OWNED CAR—Means a car not:
1. owned by,
2. registered in the name of, or
3. furnished or available for the regular or frequent use of: you, your spouse, or any relatives.

RELATIVE—means a person related to you or your spouse by blood, marriage or adoption who lives with you.—

YOUR CAR—means the car or the vehicle described on the declarations page.

(3) On page 5 of these policies:
COVERAGE FOR THE USE OF OTHER CARS

The liability coverage extends to the use, by an insured, of a newly acquired car, a temporary substitute car or a non-owned car.

WHO IS AN INSURED
When we refer to your car, a newly acquired car or a temporary substitute car, insured means:
1. you;
2. your spouse;
3. The relatives of the first person named in the declarations;—

When we refer to a non-owned car, insured means:
1. The first person named in the declarations;
2. his or her spouse;
3. their relatives;

(4) UNDER SECTION I—LIABILITY—COVERAGE A of all of the policies commencing on Page 5 thereof there is the statement: THERE IS NO COVERAGE: and continuing on page 6 thereof:

2. FOR BODILY INJURY TO:

C. ANY INSURED OR ANY MEMBER OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD.

(5) UNDER SECTION III—UNINSURED MOTOR VEHICLE—COVERAGE U on page 7 thereof the following statement is found:

An uninsured motor vehicle does not include a land motor vehicle:

2. furnished for the regular use of you, your spouse or any relative;

(6) The vehicle involved was not an owned vehicle as to Shellie K. Ivey and Kenneth L. Ivey, deceased, but was owned by and furnished by Leslie Swart, Jr. for his regular use, Swart being a relative of both Shellie K. Ivey and Kenneth L. Ivey, deceased. Kenneth L. Ivey, deceased, was a resident relative living with his father and mother, Mr. and Mrs. Shellie K. Ivey, at Route # 4, Box 160, Haleyville, Winston County, Alabama, at the time of this accident.

Section 32–7–23, Code of Alabama 1975, provides:

No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section 32–7–6, under provisions approved by the commissioner of insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer. (Acts 1965, No. 866, p. 1614).

The district court states that "[t]he earliest Alabama case cited by the parties, which appears to have a direct pertinency to the facts of this case, is *State Farm Automobile Insurance Co. v. Reaves,* 292 Ala. 218, 292 So.2d 95 (1975).

We believe that the issue of Alabama law raised by Jackson in this appeal is appropriate for resolution by the highest court of Alabama. We therefore certify the following question:

Whether Kenneth Ivey, at the time of his death, was "a person insured" under the liability provisions of the policies in question in accordance with the holding in *Reaves.*

We do not intend the particular phrasing of this question to limit the Supreme Court of Alabama in its consideration of the problems posed by the entire case. In order to assist consideration of the case, the entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Alabama.