[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATIONS TO VACATE AND TO CONFIRMARBITRATION
Plaintiff applies to vacate an arbitration award because the arbitrators "exceeded their powers or so imperfectly executed them that a mutual, final and CT Page 5625 definite award was not made," they found "the . . . exclusionary . . . language [of the plaintiff's uninsured motorist's (UM) policy] was substantially dissimilar to [sic] Connecticut General Statutes Section 38a-336(a)(1)(B)" and they accepted evidence from the defendant over one month after the time allowed for such acceptance.
Defendant applies to confirm.
Facts
Defendant while driving his motorcycle was injured in a motor vehicle accident caused by an underinsured tortfeasor. The tortfeasor's liability carrier paid or tendered the full amount of its policy, $20,000, to defendant. Defendant's motorcycle was insured under a policy with Universal Underwriters Insurance Company (Universal) for $20,000 in UM coverage. At the time of the accident defendant was married to and lived at the same address as a woman who had two vehicles insured under a policy with plaintiff which provided "stacked" UM coverage of $200,000.
The defendant was damaged in the amount of $70,000. The matter went to arbitration before a three person panel who said that the "Issue" was as follows:
ISSUE:
 Is the respondent, Prudential Insurance Company, entitled to deny underinsured motorist coverage to the claimant, ROBERT A. PAOLELLA, based on the exclusionary language of the respondent's insurance policy with the name insured, Theresa Paolella.
Only plaintiff and defendant participated in the arbitration.
The arbitrators found as part of the agreed facts that at the time of the accident.
 the claimant's motorcycle was insured with Universal Underwriters Insurance Company under a policy of insurance which provided for $20,000 in underinsured motorist coverage. CT Page 5626
Although not set out with clarity, the court also gleans that because defendant's own Universal policy UM coverage was $20,000, as to that policy the tortfeasor was not underinsured.
Defendant does not contest that under the Prudential policies, by definition, defendant is an insured; that defendant was occupying an underinsured motorcycle; that the motorcycle was owned by him; that he was injured while on his motorcycle; and that the motorcycle was not insured at all under the plaintiff's policy.
Law
I "Legally Permissible"
Defendant is frank to admit "that the Prudential policy language, if enforceable, would preclude UM coverage to [defendant] under the present circumstances." He poses the question as to whether the plaintiff's "policy exclusion . . . is legally permissible." The arbitrators found it was.
The language in plaintiff's policy in question reads as follows:
 LOSSES WE WILL NOT PAY FOR (PART 5) . . . CARS OWNED BY AN INSURED:
 We will not pay for bodily injury to any insured occupying a motor vehicle not insured under this part, owned by that insured. (Emphasis in original.)
The statutory language that makes this policy provision "legally permissible" according to plaintiff is found in General Statutes § 38a-336(a)(1) which in pertinent part is as follows:
 (a)(1) ". . . No insurer shall be required to provide uninsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian by, an uninsured or underinsured CT Page 5627 motor vehicle or motorcycle that is owned by the named insured, or (B) to any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured."
Plaintiff claims only under (B).
Plaintiff's basic argument is that the statute allows an insurer to not provide UM coverage "to any insured occupying an uninsured or underinsured . . . motorcycle that is owned by the insured" and in its policy it specifically excluded payment for bodily injury to any insured occupying a motor vehicle not insured under this [policy], owned by that insured." That argument seems to be seated on the language quoted by our Supreme Court inMiddlesex Insurance Company v. Quinn, 225 Conn. 257. There our court said,
 The public policy behind uninsured motorist coverage, therefore, requires an insurer to provide uninsured motorist benefits to any insured under the automobile liability policy. `[O]nce an automobile liability policy is issued extending [liability] coverage to a certain class of insureds . . . uninsured motorist coverage must be offered to cover the same class of insureds;' State Farm Automobile Ins. Co. v. Reaves, 292 Ala. 218, 223, 292 So.2d 95 (1974); except as expressly excluded by statute or regulation. Streitweiser v. Middlesex Mutual Assurance Co., 219 Conn. 371, 377, 593 A.2d 498
(1991). Id. 267.
No one has suggested any conflict between the statutory language and the Prudential policy language in regard to underinsured motorist's coverage. Part 5 of that policy says if "you have this coverage . . . we will pay . . . when an insured (whether or not occupying a car) is struck by an underinsured motor vehicle." But the exclusion section of Part 5 says, "We will not pay for bodily injury to any insured occupying a motorvehicle not insured under this part, owned by that insured." (All emphasis in original.) The statute in question states that no coverage is required to be afforded "(B) to any insured occupying an uninsured or CT Page 5628 underinsured motor vehicle or motorcycle that is owned by the insured."
This is where the problem arises. The policy speaks of "motor vehicle." It is clear enough that under our motor vehicle statutes, Chapter 246, a motorcycle is a motor vehicle. General Statutes § 14-1(46) and (47). It is also clear that under our property and casualty insurance statutes, Chapter 700, a private passenger motor vehicle "does not include a motorcycle. . ." General Statutes §§ 38a-363(g) and 38a-335(b). Thus for our purposes defendant was not "occupying a motorvehicle" as the exclusionary language of the policy requires.
A policy exclusion must be expressly authorized and in order to be so authorized there must be "a substantial congruence" between the statutory provision and the policy provision. Chmielewski v. Aetna Casualty SuretyCo., 218 Conn. 646, 674.
Plaintiff's policy exclusion on its face does not have substantial congruence with the statutory provision. It is construed most strongly against the insurer.Chmielewski v. Aetna Casualty Surety Co., supra 675.
II Uninsured versus Underinsured
Defendant argues in its brief that § 38a-336(a)(1) of the Connecticut General Statutes and Connecticut State Agencies Regulation § 38-334-6, which follows it refer only to uninsured motor vehicles and not the defendant's underinsured motor vehicle. That is not the case as the statute, id, covers underinsured vehicles as well.
III Late Evidence
The plaintiff's claim that the arbitrators acted improperly in taking evidence after a claimed deadline is not of any moment in light of the arbitrators' findings on January 25, 1993 that the Universal UM coverage was $20,000 and the tortfeasors liability coverage was $20,000. In addition that question was not in the submission. CT Page 5629
Application to vacate is denied.
Application to confirm is granted.