CRAWLEY, Judge,
dissenting.
I respectfully dissent. I do not believe the insurance provision is ambiguous. It extends uninsured-motorist coverage to “you,” referring to the named insured and his or her spouse, and “your family member or a resident of your household while occupying or using an insured auto.” In construing an insurance provision, this court is to give the language used “the same meaning which a person of ordinary intelligence (not a lawyer) would reasonably conclude the language [has].” St. Paul Fire & Marine Ins. Co. v. Edge Memorial Hosp., 584 So.2d 1316, 1322 (Ala.1991). In addition, when determining whether an ambiguity exists, this court is not to construe the provision in isolation; rather, it must construe the policy as a whole. Liggans R.V. Center v. John Deere Ins. Co., 575 So.2d 567, 569 (Ala.1991). If we are to construe the provisions of an insurance contract by examining the policy in its entirety, then we should examine the provisions of the liability coverage section to aid in our interpretation of the uninsured-motorist provision in question. The insurance policy at issue reads:
“HI. Coverages
“Section A: Liability Coverage
[[Image here]]
“2. Who is an Insured? The following are insureds under TIL Coverages, Section A: Liability Coverage’:
“a. You, a family member, or a resident of your household with respect to an accident involving an insured auto.
“b. You, & family member, or a resident of your household while driving a non-owned auto with the owner’s permission.
“c. Any person driving your insured auto with your permission.”
A “non-owned auto” is defined in the policy as “any auto, other than an insured auto, used by you with the express permission of its owner that is not owned by or furnished or available for regular or frequent use by you, a family member, or a resident of your household or a non-resident spouse.” (Emphasis added.)
The liability coverage extended under the policy is very narrow. Although not precisely the same, the wording in the liability coverage section of the policy indicates that the policy is intended to cover the named insured and his or her spouse, a family member, or a resident of the household when that person is driving an insured automobile or when that person is driving an automobile owned by another person, provided that the automobile is not furnished for the regular use of that driver. The policy does not extend liability coverage to any person when that person is driving an automobile owned by an insured but not covered by the policy.
Janice would not have been entitled to liability coverage under the policy because she was not driving an insured automobile or a non-owned automobile. The fact that liability coverage would not extend to Janice compels me to the conclusion that the uninsured-motorist provision, as it is written, likewise does not extend coverage to her.
In addition, the policy excludes from coverage “any motor vehicle while it is being used, driven, operated or manipulated by, or under the care, custody, or control of’ Janice Thomas, Jimmie Thomas, and Tarsha Willingham. Uninsured-motorist coverage is required by law to be offered to the same class of insureds insured under the liability provisions of an automobile insurance policy. Ala.Code 1975, § 32-7-23(a); State Farm Auto. Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974). Janice is excluded from coverage under the liability provisions of her mother’s policy. Therefore, she is not required *507 to be covered under the uninsured-motorist provision of that same policy.
THOMPSON, J., concurs.