The majority's opinion allows uninsured-or underinsured-motorist claims to become liquidated damages only when (1) there is a judgment in the action; (2) there is an express agreement between the parties as to the amount of damages; or (3) there is a default judgment as to liability of the uninsured motorist and as to the amount of the insured's actual, out-of-pocket damage. The majority, by limiting the manner in which such claims may become liquidated, ignores both the definition of "liquidated damages" and § 8-8-8, Ala. Code 1975. The majority defines "liquidated damages" as:
 "`"[T]he amount of damages . . . ascertained by the judgment in the action, or . . . a specific sum of money . . . expressly stipulated by the parties . . . as the amount of damages to be recovered. . . . [Those] damages which are reasonably ascertainable at time of breach, measured by fixed or established external standard, or by standard apparent from documents upon which plaintiffs based their claim."'"
743 So.2d at 450. The majority ignores the last sentence of the definition. "Liquidated damages" include damages that are "reasonably ascertainable at [the] time of [the] breach," whether there is an express agreement by the parties or not. The majority assumes that one claiming under an uninsured-motorist policy can never reasonably ascertain the damages. That assumption is patently untrue. A plaintiff injured in an automobile accident caused by the negligence of an uninsured motorist should, like every other insurance claimant, be able to rely on the terms of the policy to reasonably ascertain his or her damages. In some cases the terms set out in the policy will be adequate to allow one to determine liquidated damages. In other cases, the policy terms may leave the amount of damages vague and uncertain. The facts of each case are different; thus, in every case there must be a factual determination as to whether the damages are liquidated or are unliquidated. In a case where the terms of the policy and the facts surrounding the claim are sufficient to allow the plaintiff to make a reasonable estimate of the damages, the plaintiff should not be denied his or her rights to interest on the delayed payment of those damages simply because the insurer cites some arbitrary reason for refusing to pay.
Whether a particular plaintiff's damages are liquidated or are unliquidated is a factual determination that should be conducted in the individual case. To deny a plaintiff the right to that factual determination is to the plaintiff's rights under Ala. Code 1975, § 8-8-8, which states:
 "All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed."
(Emphasis added.) Section 8-8-8 requires only an estimate of the money value for the plaintiff to be entitled to interest. The majority's decision to deny the right of claimants under uninsured-motorist policies the right to reasonably ascertain and estimate their damages flies in the face of the plain language of § 8-8-8. Therefore, I must dissent in this case for the same reasons set out in State Farm Automobile Insurance Co. v. Reaves,292 Ala. 218, 226, 292 So.2d 95, 102 (Ala. 1974) *Page 452 
 "Certainly, there may be disagreements between insurer and insured as to how much (or whether any sum) is rightfully due, and that disagreement ultimately may have to be settled in a court of law. But such is true of other contract actions as well."