This is a declaratory judgment action involving the interpretation of an insurance policy. The issue is one of first impression: Is an award of backpay to a city employee who filed a claim against the city under Title VII of the Civil Rights Act "equitable relief," and, therefore, excluded from coverage under a policy that provided coverage for "discrimination" claims?
The plaintiff, National Union Fire Insurance Company ("NUFIC"), sought construction of an insurance policy it had issued to the defendant, the City of Leeds. Leeds had previously been sued under Title VII of the Civil Rights Act,42 U.S.C. § 1981, by Leon Houston Embry, a former city employee. Embry claimed that he had been wrongfully discharged from his job as a firefighter and, after a trial, the city was ordered to reinstate him and pay him $41,897 in backpay. The city in turn sought this amount from NUFIC. NUFIC then brought this action, seeking a declaration *Page 206 
of its rights under its insurance contract with the city.
However, NUFIC specifically reserved its right to later refuse to pay any judgment based on an exclusion contained in the policy. Specifically, NUFIC contended that the policy's definition of "damages" excluded equitable relief and that the award of backpay to Embry was equitable relief.
The policy in issue unquestionably covered claims for discrimination and NUFIC defended the city in the action brought by Embry. The policy language reads as follows:
 "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury (herein called `personal injury') sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the named insured's business:
"Personal injury means:
"* * *
"(d) discrimination. . . ."
The clause NUFIC contends is controlling reads:
 "AMENDED DEFINITIONS: `Damages' — means monetary damages and does not include any claim seeking only injunctive or equitable relief."
Both parties filed motions for summary judgment and the trial judge ruled that the policy did, in fact, provide coverage. He issued a written order, from which we quote extensively:
 "The issue here presented is whether the award of backpay against the City of Leeds is excluded from coverage because such award is considered to be equitable relief.
 "Courts differ in their characterization of backpay. Some courts characterize backpay as being an equitable remedy, while other courts view backpay as legal damages.
"* * *
 "In Liberty Mutual Ins. Co. v. Those Certain Underwriters at Lloyds, 650 F. Supp. 1553, 42 F.E.P. Cases 1385 (W.D.Pa. 1987), the district court addressed the issue of whether backpay is equitable relief and therefore not covered in an insurance policy's definition of damages. The district court rejected the defendant Underwriters' argument that backpay was not `damages' but rather an equitable remedy:
 "`The cases cited do not deal with the construction and interpretation of insurance policies. Rather they demonstrate a hypertechnical distinction between `damages' and equitable relief which has no relevance beyond the narrow scope of these cases. They certainly should not be employed to define `damages' in an insurance policy where such terminology is to be construed in accord with the plain meaning of the term and the reasonable expectations of the insured. We do not believe the specialized definition employed in the cases cited by the defendants serve[s] the goals of construction.'
"Id. [650 F. Supp. at 1560, 42 F.E.P. Cases] at 1390.
 "National Union correctly distinguishes Liberty Mutual from the case at bar, noting that the National Union policy provides a definition of damages clearly excluding equitable relief from coverage, whereas no such definition was found in the Liberty Mutual policy.
 "However, the Liberty Mutual rationale still applies. The technical distinction between legal damages and equitable relief should not act as a bar to coverage where the insured purchased a policy covering monetary damages awarded in discrimination suits, especially where courts disagree as to whether back pay is equitable or legal in nature.
"* * *
 "Even if this Court were to agree with National Union that backpay is an equitable remedy, it does not necessarily follow that the correct interpretation of the insurance policy issued to the City of Leeds excludes backpay from coverage.
 "The City of Leeds sought to protect itself from liability arising out of discrimination *Page 207 
claims. To that end, the City of Leeds purchased an insurance policy that did, in fact, provide coverage for discrimination claims. Accrued backpay is often the most substantial monetary liability suffered by an employer in a discrimination suit. It would appear illogical that the City of Leeds would purchase an insurance policy covering discrimination claims but not covering claims for backpay.
 "Accordingly, the motion for summary judgment filed by the City of Leeds is hereby granted. National Union is directed to pay the sum of $41,897.00 awarded by U.S. District Judge U.W. Clemon as backpay plus attorney's fees and costs."
On this appeal NUFIC makes the same argument it made in the trial court — that backpay is equitable relief and that the damages awards in the Embry case are, therefore, expressly excluded under the terms of the policy. NUFIC cites several federal cases, most of them dealing with the right to a jury trial, holding that an award of backpay is an award of equitable relief. See, e.g., Harkless v. Sweeny IndependentSchool District, 427 F.2d 319 (5th Cir. 1970); Johnson v.Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969);Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981);Wilson v. City of Aliceville, 779 F.2d 631 (11th Cir. 1986);Sullivan v. School Board of Pinellas County, 773 F.2d 1182
(11th Cir. 1985); Bratton v. City of Detroit, 704 F.2d 878 (6th Cir. 1983); Farr v. Chesney, 441 F. Supp. 127 (M.D.Pa. 1977). NUFIC also distinguishes, on their facts, the cases relied on by the trial judge in his opinion and points out that the complaint in the Embry case specifically sought "equitable relief."
The City of Leeds argues that the trial judge correctly construed the policy to provide coverage. It contends that the policy clearly defined damages as monetary damages and that the award of backpay was monetary damages. Both the mayor of Leeds and the independent insurance agent who sold the insurance policy to the city stated in affidavits that they believed the policy covered damages awarded in employment discrimination cases — including awards of backpay.
Although the issue of whether an award of backpay pursuant to a Title VII claim is equitable relief is a question of first impression in Alabama, we hold that the rules of review that apply to the construction of an insurance policy apply:
 "At the outset, we recognize that insurance companies have a right to limit their liability and to write policies with narrow coverage. . . . However, an insurance contract containing ambiguous language will be construed liberally in favor of the insured and strictly against the insurance company. . . . Furthermore, provisions of insurance policies must be construed in light of the interpretation that ordinary men would place on language used therein."
Ho Brothers Restaurant v. Aetna Casualty Surety Co.,492 So.2d 603, 605 (Ala. 1986) (citations omitted).
Summary judgment is proper only if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. If there is a scintilla of evidence that supports the position of the nonmoving party, summary judgment cannot be granted. Cole v. First National Bankof Tuskaloosa, 485 So.2d 717, 719 (Ala. 1986) In this case there was no genuine issue of material fact and the trial judge properly decided the case as a matter of law.
Under these principles we affirm. According to the mayor's affidavit, the city specifically sought coverage for liability based on claims of discrimination. NUFIC did exclude injunctive or equitable relief from its definition of "damages"; nevertheless, that same definition included "monetary damages." Any ambiguity exists only because this award of monetary damages is also in the nature of an equitable remedy.
The provisions of the policy must be construed in light of the interpretation that ordinary men would place on the language used therein. In this case the definition of *Page 208 
damages includes monetary damages and, therefore, was broad enough to cover the monetary award of backpay to Embry, even though the award of backpay could be classified as equitable relief. To allow NUFIC to exclude coverage for such damages would be to allow the company to escape its obligations based on a highly technical legal distinction that even the various federal courts cannot agree on and which would be contrary to what the parties reasonably expected. See, Liberty Mutual Ins.Co. v. Those Certain Underwriters at Lloyds, 650 F. Supp. 1553
(W.D.Pa. 1987). We give the words the interpretation that ordinary men would place on them. Had NUFIC intended to exclude awards of backpay in discrimination cases, it could have done so explicitly. Instead, NUFIC chose to define "damages" by drawing a distinction between monetary and equitable relief. We agree with the trial judge that the rationale expressed inLiberty Mutual, supra, is applicable in this case.
The trial judge properly construed the policy and granted summary judgment in favor of Leeds. His judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.