573 So.2d 128 (1991)
Fred C. MEISTER and Barbara M. Meister, Individually and As Parents and Natural Guardians of Alan Meister, a Minor, and William Koltchigin and Carmen Koltchigin, Individually and As Parents and Natural Guardians of Dwayne Koltchigin, a Minor, Appellants,
v.
UTICA MUTUAL INSURANCE COMPANY, Appellee.
No. 90-0424.
District Court of Appeal of Florida, Fourth District.
January 9, 1991.
*129 Ronald D. Poltorack of Law Offices of Ronald D. Poltorack, P.A., Fort Lauderdale, for appellants-Meister.
Robert Pasin of Law Offices of James M. Henderson, Fort Lauderdale, for appellants-Koltchigin.
Anthony A. Balasso of Walton Lantaff Schroeder & Carson, Fort Lauderdale, for appellee.
PER CURIAM.
Appellants seek review of a summary final declaratory judgment holding that their claim for bodily injury fell outside the scope of applicable insurance coverage. We reverse.
The relevant facts are not in dispute. Dwayne Koltchigin was injured while riding an all-terrain vehicle (ATV) belonging to the Meisters. The ATV was kept in the Meisters' garage, but on the day of the accident was taken to a nearby lot by their son Alan. Together with another boy, Alan and Dwayne took turns riding the ATV. On his third turn, Dwayne lost control of the ATV and suffered personal injuries.
The Koltchigins filed a claim against appellee, Utica Mutual Insurance (Utica), for Dwayne's injuries based upon the Meisters' homeowner's policy and for the alleged negligence of the Meisters. Appellee then filed an action for declaratory judgment naming as respondents the Meisters (as the insureds) and the Koltchigins (as third-party beneficiaries). Finding that the policy did not provide coverage for Dwayne's injuries, the trial court entered final summary judgment in favor of Utica and denied the Meisters' and Koltchigins' motions for summary judgment. This appeal followed.
While appellants raise a number of issues on appeal, we only need consider whether the trial court erred in finding that the policy unambiguously excluded coverage for an accident involving an ATV which occurred at a location other than the residence of the insured. The Meisters' policy provides in relevant part that:
SECTION II  LIABILITY COVERAGES
COVERAGE E  Personal Liability
If a claim is made or a suit is brought against an insured or property damage caused by an occurrence to which this coverage applies, we will:
1. pay up to our limit of liability for the damages for which the insured is legally liable; and
2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent... .
SECTION II  EXCLUSIONS
1. COVERAGE E  Personal Liability and Coverage F  Medical Payments to Others do not apply to bodily injury or property damage:
* * * * * *
e. arising out of:
(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured;
(2) the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person; or statutorily imposed vicarious parental liability for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.
[EXCEPTIONS TO EXCLUSIONS]
This exclusion does not apply to:
* * * * * *
(2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
(a) not owned by an insured; or
(b) owned by an insured and on an insured location.
DEFINITIONS
4. "insured location" means:
a. the resident premises;

*130 b. the part of other premises, other structures and grounds used by you as a residence and:
(1) which is shown in the Declarations; or
(2) which is acquired by you during the policy period for your use as a residence;
c. any premises used by you in connection with a premises in 4a or 4b above; ... .
e. vacant land, other than farm land, owned by or rented to an insured;
Based on the foregoing policy language, there is no dispute but that the ATV is a motorized land conveyance designed for recreational use off public roads, is not subject to motor vehicle registration, and is owned by an insured. It is also undisputed that the accident occurred off the Meisters' property. At issue is whether the phrase "on an insured location" can be unambiguously construed to refer only to the place of the accident, as the trial judge so found, or may it reasonably be interpreted as referring to the location where the ATV was stored or kept, as the appellants contend.
Utica argues that to allow coverage for off-premises accidents in instances where the insured's ATV was kept at an insured location, this court must distort the clear language of the policy to create an ambiguity where none exists. While it is true that one may reasonably construe the policy as requiring that the ATV be on an insured location at the time of the accident, we cannot say it is the only interpretation which may reasonably be drawn from the policy language. As appellant correctly points out, an insurer may well decide to underwrite the risks associated with storage of an ATV on the premises but not as to ATVs housed or garaged by third parties. In fact, to hold otherwise would be to render coverage for ATVs illusory, inasmuch as except only in the rarest of cases would one expect an insured to actually operate an ATV "on the insured location" as that term is defined in the policy.
That is not to say that Utica is not free to condition coverage only to those instances where the accident occurred on an insured location. However, "[i]f that what was intended by the exclusion, then the policy should unequivocally say so instead of employing ambiguous language." Security Ins. Co. of Hartford v. Investors Diversified Ltd., Inc., 407 So.2d 314, 316 (Fla. 4th DCA 1981). As previously noted, Utica's policy is silent as to when the vehicle must be on the insured location. It is not for this court to add to or read in language not contained on the face of the policy.
Having concluded that the exclusionary provision of the policy is ambiguous and susceptible to more than one interpretation, the "meaning must be construed in favor of the insured, since it is the insurer who usually drafts the policy." State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So.2d 1245, 1248 (Fla. 1986). Accordingly, we reverse the entry of final summary judgment in favor of Utica and remand to the trial court for award of a summary final declaratory judgment on behalf of the appellants on the issue of coverage.
REVERSED AND REMANDED.
ANSTEAD, GLICKSTEIN, JJ., and OFTEDAL, RICHARD L., Associate Judge, concur.