This case was originally assigned to another judge, and recently was reassigned. Deborah L. Boone sued on behalf of herself and her two minor children seeking uninsured motorist benefits from her husband's insurer. She alleged that the children had sustained injuries in an automobile accident caused by Jo Ann Allen, an uninsured motorist.[1] Both children were injured in the accident, and both incurred medical expenses as a result of their injuries.
Michael K. Boone, the plaintiff's husband, was the named insured on an insurance policy issued by Safeway Insurance Company of Alabama, Inc. (hereinafter "Safeway"). The policy contained an uninsured motorist provision that would provide coverage for Michael Boone and his family members.
Michael Boone and Deborah Boone are the parents of one of the minor children involved in the automobile accident. The other minor child, Crystal Warmack (hereinafter "Crystal"), is the daughter of Deborah Boone from a previous relationship. Crystal is the stepchild of Michael Boone. Michael Boone had not adopted Crystal.
At the conclusion of the presentation of evidence, the trial court granted Safeway's motion for a directed verdict as to Crystal Warmack, ruling that she was not an insured under the provisions of the insurance contract, because she was not a "family member" as that term is defined in the insurance contract. The jury returned a verdict for the defense as to the plaintiff Deborah Boone, and awarded the other minor child $7,125.00. The court entered judgment accordingly. Deborah Boone, as mother and next friend of Crystal, appeals that portion of the judgment based on the directed verdict as to Crystal, arguing that Crystal is within the policy definition of "family member," and, therefore, is covered under the uninsured motorist provision in the insurance policy.
 "A directed verdict is proper (1) where the nonmoving party has failed to present substantial evidence regarding some element essential to her claim, or (2) where there is no disputed issue of fact upon which reasonable persons could differ (footnote omitted). Rule 50(a), Ala. R. Civ. P.; John R. Cowley Bros., Inc. v. Brown, 569 So.2d 375, 376 (Ala. 1990); Koch v. State Farm Fire Cas. Co., 565 So.2d 226, 228 (Ala. 1990); Dobbs v. Alabama Power Co., 549 So.2d 35, 36 (Ala. 1989). Therefore, we must determine whether the [appellants], in order to withstand [the appellee's] motion for a directed verdict, presented substantial evidence from which the jury could find each element of their cause of action, or whether there were no disputed issues of fact upon which reasonable persons could differ." *Page 406 
Teague v. Adams, 638 So.2d 836, 837 (Ala. 1994).
In his ruling, the trial judge acknowledged that the language of the insurance contract was open to more than one interpretation. In noting the exception made by the attorney for the plaintiff, the trial judge stated that the question presented "needs to be answered." "When the agreement is reasonably susceptible to more than one meaning, an ambiguity exists. The instrument is unambiguous if only one reasonable meaning clearly emerges." Vainrib v. Downey, 565 So.2d 647, 648
(Ala.Civ.App. 1990) (citing Blue Cross Blue Shield ofAlabama v. Beck, 523 So.2d 121 (Ala.Civ.App. 1988)). "It is the duty of the court to analyze and determine the meaning of a contract when its terms are clear and certain, and we will not disturb the trial court's decision on appeal unless the terms of the contract are doubtful of meaning." Brigman v. Dejute,593 So.2d 51, 54 (Ala. 1991) (citing C.F. Halstead Contractor,Inc. v. Dirt, Inc., 294 Ala. 644, 320 So.2d 657 (1975)).
The insurance contract between Safeway and Michael Boone defines "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child." Safeway contends in its brief that Crystal, as a stepchild, is not within that definition because she is not related to Michael Boone by blood, marriage or adoption. Safeway contends that only the plaintiff, the wife of the named insured, is "related by marriage" to the named insured.
It is well settled that "[t]he language in an insurance policy should be given the same meaning that a person of ordinary intelligence would reasonably give it." Western WorldIns. Co. v. City of Tuscumbia, 612 So.2d 1159, 1161 (Ala. 1992) (citing St. Paul Fire Marine Ins. Co. v. Edge MemorialHospital, 584 So.2d 1316 (Ala. 1991)). Although this case presents a question of first impression in Alabama, other jurisdictions have addressed this issue, primarily in "family exclusion clause" cases. The Supreme Court of Oklahoma, stating that "[t]he phrase 'A person who is related by blood, marriage or adoption, who is a member of your household' should need no lawyer to translate it," held that laypersons would understand that step-brothers were related by the marriage of their parents. Flitton v. Equity Fire Casualty Co., 824 P.2d 1132,1134 (Okla. 1992).
Further, the word "step-," in its combination form, describes one who is "related by virtue of a remarriage (as of a parent) and not by blood." Merriam-Webster Third New InternationalDictionary (1966). The word "family" is defined as "a group of individuals living under one roof: HOUSEHOLD." Merriam-WebsterThird New International Dictionary (1966). Crystal has lived with her mother and Michael Boone since she was five years old. Crystal was nine years old at the time of trial. Safeway has conceded that Crystal is a member of the named insured's household.
Where there is any doubt or confusion as to the meaning of a term in an insurance policy, the general rule of contracts applies to the policy, so that the contract is interpreted against the party which drafted the contract. Home IndemnityCo. v. Employers Nat'l Ins. Co., 564 So.2d 945 (Ala. 1990). Any language of an insurance contract that is susceptible to more than one interpretation must be construed in favor of coverage for the insured. St. Paul Fire Marine Ins. Co. v. EdgeMemorial Hospital, 584 So.2d 1316, 1322 (Ala. 1991) (citingNational Union Fire Ins. Co. v. Leeds, 530 So.2d 205, 207 (Ala. 1988)).
The definition of "family member" contained in Safeway's insurance contract could be interpreted by a person of ordinary intelligence to include a stepchild. The ordinary meaning of "related by marriage" encompasses the stepparent/stepchild relationship. Accordingly, for purposes of insurance coverage, Crystal is a "family member" under the definition set forth in Safeway's insurance policy contract.
Although the parties make no argument regarding this, the policy language provides another reason for concluding that the directed verdict for the insurer was improper. In the definitions portion of the insurance contract, the terms "you" and "your," *Page 407 
used throughout the contract, are defined as "1. The "named insured" shown in the Declarations; and 2. The spouse if a resident of the same household." Therefore, the term "you" applied to the named insured's spouse, the plaintiff Deborah Boone, who resided in the named insured's household. The insurance contract defined "family member" as "a person related to you by blood, marriage or adoption." (Emphasis supplied.) Crystal is related by blood to Deborah Boone, one of the two people to whom the term "you" applies under the definition of "family member" in this insurance contract.
The trial court erred in directing a verdict for Safeway as to the claim related to Crystal Warmack. The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result only.
[1] Ms. Allen was not a party, as she was discharged in bankruptcy shortly before trial.