United Services Automobile Association ("USAA") appeals from a summary judgment entered by the Baldwin Circuit Court holding that USAA was obligated to provide liability coverage under a homeowner's insurance policy it had issued to William S. Vogel and Wendy E. Vogel. We affirm. *Page 402 
On January 22, 1997, USAA filed a complaint seeking a judgment declaring that it was not required to provide liability coverage under a homeowner's insurance policy that it had issued to the Vogels. USAA's complaint anticipated a claim by the parents of a minor child who was accidentally killed in November 1996 while operating a go-cart owned by the Vogels. In their answer to the complaint, the Vogels counterclaimed for a judgment declaring that USAA was obligated to provide coverage under its homeowner's policy, arguing that a policy provision USAA claimed excluded coverage was ambiguous and thus did not exclude coverage. The Vogels also asserted that when they purchased the policy they were relying upon USAA to provide them with comprehensive liability coverage because they had also purchased an automobile policy from USAA. USAA moved for a summary judgment on July 24, 1997; on September 11, 1997, the Vogels filed a brief in opposition to USAA's motion for a summary judgment and filed their own motion for a summary judgment. The court heard oral argument on the motions on September 23, 1997, and on the next day it made the following entry on the case action summary sheet:
 "After oral argument and consideration of the briefs submitted by counsel, the Plaintiff's Motion for Summary Judgment is denied and the Defendants' Motion for Summary Judgment is granted. The Plaintiff, USAA, is ordered to provide the Vogels with liability coverage, defense and indemnity for the accident which occurred on November 22, 1996."
The Vogels filed a motion for clarification of the summary judgment, requesting the trial court to specify whether the order required USAA to provide coverage under the homeowner's policy, the automobile policy, or both. The trial court entered an order stating that USAA was required to provide coverage under the homeowner's policy, but not under the automobile policy. The Vogels do not appeal the order holding that the claim was not covered under the automobile policy.
In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining "whether the evidence before [it] made out a genuine issue of material fact" and whether the movant was "entitled to a judgment as a matter of law." Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved."West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989).
Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990).
The applicable exclusions of coverage contained in the USAA homeowner's policy issued to the Vogels read as follows:
 "1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
". . . .
"e. arising out of:
 "(1) the ownership maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers owned or operated or rented or loaned to an insured;
 "(2) the entrustment by an insured of a motor vehicle or any other motorized *Page 403 
land conveyances to any person; or
 "(3) vicarious liability, whether or not statutorily imposed, for the actions of anyone using a conveyance excluded in the paragraph (1) or (2) above."
The homeowner's policy further sets out particular exceptions to these exclusions. These exceptions purport to describe conditions where coverage is provided that would otherwise be barred by the exclusion. The exceptions state:
"This exclusion does not apply to:
 "(1) a trailer not towed by or carried on a motorized land conveyance;
 "(2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and;
"(a) not owned by a insured; or
 "(b) owned by an insured and on an insured location;
 "(3) a motorized golf cart when used to play golf on a golf course;
 "(4) a vehicle or conveyance not subject to motor vehicle registration which is:
"(a) used to service an insured's residence;
"(b) designed for assisting the handicapped; or
"(c) in dead storage on an insured location."
The parties agree that the go-cart is "a motorized land conveyance designed for recreational use off public roads" that is "not subject to motor vehicle registration," i.e, that the go-cart fits within exception (2) noted above. The parties also agree that the go-cart was owned by the Vogels, the insureds under the USAA policy, and that the go-cart was stored on the Vogels' property. The accident happened a short distance from the Vogels' property at a city park in Fairhope.
On appeal, USAA argues that its homeowner's policy excludes coverage for an accident that involves a go-cart that occurs at a location other than the insured location. USAA argues that this exclusion of coverage is not ambiguous and that its terms preclude coverage under the homeowner's policy. We disagree.
Under Alabama law, insurance contracts are to be construed "liberally in favor of the insured and strictly against the insurer," and exclusions from coverage contained in insurance policies are to be interpreted narrowly in order to provide for maximum coverage. Allstate Ins. Co. v. Skelton, 675 So.2d 377,379 (Ala. 1996). The policy underlying this rule was stated by our supreme court:
 "An insurance policy is written by the insurance company. Most insureds depend upon the company to provide the coverage they seek. When doubt exists whether coverage is provided, the language used by the insurer must be construed for the benefit of the insured. Aetna Casualty Surety Co. v. Chapman, 240 Ala. 599, 200 So. 425 (1941). Likewise, where ambiguity exists in the language of an exclusion, the exclusion will be construed narrowly so as to limit the exclusion to the narrowest application reasonable under the wording."
Guaranty Nat'l Ins. Co. v. Marshall County Bd. of Educ.,540 So.2d 745, 748 (Ala. 1989) (emphasis added).
 "Where there is any doubt or confusion as to the meaning of a term in an insurance policy, the general rule of contracts applies to the policy, so that the contract is interpreted against the party which drafted the contract. Home Indemnity Co. v. Employers Nat'l Ins. Co., 564 So.2d 945 (Ala. 1990). Any language of an insurance contract that is susceptible to more than one interpretation must be construed in favor of coverage for the insured. St. Paul Fire Marine Ins. Co. v. Edge Memorial Hospital, 584 So.2d 1316, 1322 (Ala. 1991) (citing National Union Fire Ins. Co. v. Leeds, 530 So.2d 205, 207 (Ala. 1988))." *Page 404 
Boone v. Safeway Ins. Co. of Alabama, 690 So.2d 404, 406
(Ala.Civ.App. 1997).
The USAA homeowner's policy provides an exception to its exclusion of coverage, for motorized land conveyances designed for recreational purposes that are not subject to motor vehicle registration and are "owned by an insured and on an insured location." This language can be reasonably interpreted to refer not only to the location where the motorized land conveyance isused, but also to where the conveyance is stored or kept. Because the language in this exception is subject to more than one reasonable interpretation, it is ambiguous and the applicable law requires that it be construed so as to provide coverage for the Vogels. Boone, 690 So.2d at 406.
Although our research discloses no Alabama cases that have construed the exact language "owned by an insured and on an insured location" in an insurance policy, a Florida court has held identical policy language ambiguous in this context. In Meister v.Utica Mut. Ins. Co., 573 So.2d 128 (Fla.Dist.Ct.App. 1991), a child was injured while riding on an all-terrain vehicle ("ATV") owned by the Meisters. The accident did not occur at the Meisters' residence, but the ATV had been stored in the Meisters' garage. The insurer sought a declaratory judgment as to its liability under the Meisters' homeowner's policy, based on the same exception to policy exclusions that is at issue in the present case. The trial court entered a summary judgment for the insurer; the appellate court reversed, holding that the exclusionary provision was ambiguous:
 "While it is true that one may reasonably construe the policy as requiring that the ATV be on an insured location at the time of the accident, we cannot say it is the only interpretation which may reasonably be drawn from the policy language. As the appellant correctly points out, an insurer may well decide to underwrite the risks associated with storage of an ATV on the premises but not as to ATV's housed or garaged by third parties. In fact, to hold otherwise would be to render coverage for ATV's illusory, inasmuch as except only in the rarest of cases would one expect an insured to actually operate an ATV `on the insured location' as that term is defined in the policy.
 "That is not to say that [the insurer] is not free to condition coverage only to those instances where the accident occurred on an insured location. However, `[i]f that [was] what was intended by the exclusion, then the policy should unequivocally say so instead of employing ambiguous language.'"
Meister, 573 So.2d at 130 (citations omitted.)
Like the court in Meister, we conclude that the language in the exception to the policy exclusion is ambiguous and, therefore, must be narrowly construed in favor of the Vogels. In this case, the "narrowest application reasonable under the wording" of the exception to the policy exclusion (see Guaranty National, 540 So.2d at 748) is that the term "owned by an insured and on an insured location" means that the Vogels' go-cart must have been stored or kept on an insured location.
We note further that had USAA wanted to restrict the exception to situations where a motorized land conveyance was being used or operated on an insured location, it could have done so by express language in its policy. The opinion in Meister was published five years before the accident that led to the litigation in this case. That is, USAA elected to continue its use of the exception language in the homeowner's policy that it issued to the Vogels, despite the existence of legal precedent holding that language ambiguous and the rule of law that ambiguous policy provisions be construed in favor of the insured.
We conclude that the trial court correctly entered the Vogels' summary judgment. That judgment is affirmed.
AFFIRMED. *Page 405 
MONROE, J., concurs.
YATES, J., concurs in the result.
CRAWLEY and THOMPSON, JJ., dissent.