The majority concludes that exception 2(b) is ambiguous because it can be interpreted as requiring only that the vehicle be owned by an insured and "stored or kept" on an insured location. I find no such language or implication in the policy in question from which to draw such a conclusion. Therefore, I dissent.
"Language in an insurance policy should be given the same meaning which a person of ordinary intelligence (not a lawyer) would reasonably conclude the language means." St. Paul Fire Marine Ins. Co. v. Edge Memorial Hospital, 584 So.2d 1316, 1322
(Ala. 1991). "An ambiguity exists where a term is reasonably subject to more than one interpretation." Cannon v. State FarmMut. Auto. Ins. Co., 590 So.2d 191, 194 (Ala. 1991). The exception at issue in this case clearly relates to the ownership of the vehicle and the location of the vehicle at the time of the occurrence. I find the only reasonable view of the exception to be that coverage is available to a motorized land conveyance owned by the insured and on an insured location. Conversely, it seems equally clear that if, for any period of time, the go-cart is not
on the insured location, then coverage under the policy is not available during that period of time.
Additionally, in determining whether an ambiguity exists, a court is not to construe a provision in isolation. Rather, it must construe the policy as a whole, looking to the language contained within the four corners of the policy document. LiggansR.V. Center v. John Deere Ins. Co., 575 So.2d 567, 569 (Ala. 1991). Viewing exception 2(b) in the context of the entire policy and along with the other listed exceptions to the exclusion, I find exception 4(c) to the exclusion to be significant. That provision states that the exclusion does not apply to a [go-cart] "in dead storage on an insured location." Reading these two provisions together, it is clear that had USAA intended the storage of the vehicle to be a condition under exception 2(b), it would have used the express term "storage" as it did in exception 4(c).
The majority also appears to adopt the reasoning of the Florida District Court of Appeal that a policy provision that conditions coverage on an accident's occurring on the insured location would render coverage for the go-cart illusory, because these vehicles are not commonly operated in a confined area. Again, when the provision is examined in the context of the entire policy, this reasoning fails. The USAA homeowners policy at issue was structured so as to exclude coverage for motorized land conveyances. The policy carves out particular exceptions to this exclusion, e.g., for motorized land conveyances not subject to motor vehicle registration (e.g., go-carts) and that are not owned by an insured, or for such vehicles that are owned by an insured and on an insured location. When the policy is construed as a whole, it becomes clear that the policy provides coverage for go-carts only in limited circumstances. The accident in the present case did not qualify as one of those circumstances. It is well established that unambiguous exclusions are enforced according to their terms. Woodall v. Alfa Mut. Ins. Co., 658 So.2d 369, 372
(Ala. 1995).
Finally, I am not persuaded by the reasoning of the majority that USAA should have revised the language of its Alabama policy after the publication of Meister v. Utica Mut. Ins. Co.,573 So.2d 128 (Fla.Dist.Ct.App. 1991), had it intended to restrict coverage of motorized land conveyances owned by the insured to those vehicles operated on the insured location. Policy language in a contract of insurance sold in Alabama is modified in accordance with the laws of Alabama. See generally, Ala. Code 1975, § 27-1-1 et seq., and the *Page 406 
rules and regulations promulgated thereunder. Other states have interpreted the policy language "on an insured location" as plain and unambiguous, enforcing the policy contract according to its written terms. See, e.g., DaCosta v. Vermont Mut. Ins.Co., [Ms. C95-00126, Dec. 2, 1997] (Mass.Super.Ct. 1997);State Auto. Mut. Ins. Co. v. Hoyle, 106 N.C. App. 199,415 S.E.2d 764 (1992). It would hardly be reasonable to expect USAA to apply with the Alabama commissioner of insurance to modify its Alabama policy based on a judgment of a Florida District Court of Appeal interpreting a policy provision.
For the foregoing reasons, I would reverse the judgment of the trial court and remand the case with instructions to enter a summary judgment in favor of USAA.
CRAWLEY, J., concurs.