MONROE, Judge.
The issue in this case is whether an insurance policy issued by Southern United Fire Insurance Company to Dorothy G. Willingham provided Dorothy’s children Janice Thomas, Jimmie Thomas, and Tar-sha Willingham with uninsured-motorist coverage.
Janice Thomas, Jimmie Thomas, and Tarsha Willingham were injured an automobile accident with an uninsured motorist on December 18, 1996. Janice was driving a 1986 Honda Accord automobile, which she owned and which was apparently not insured. Jimmie and Tarsha were passengers. The three filed a claim based on their personal injuries, under their mother’s insurance policy with Southern United.
Southern United filed a declaratory judgment action asking the court to hold that it was not obligated to pay the children benefits under the uninsured-motorist-coverage provision in its insurance policy issued to their mother. The children filed a counterclaim, seeking damages. Southern United filed a motion for a summary judgment, which the court denied. The parties agreed to a stipulation of facts, and the court, using those facts, entered a judgment in favor of the children on Southern United’s claim for declaratory relief and in favor of the children on their *504 counterclaim. The court assessed total damages of $13,500 — $5,000 to Janice, $8,800 to Jimmie, and $4,700 to Tarsha. Southern United appeals.
When the facts are undisputed and the controversy involves a question of law for the trial court’s determination, on appeal this court will review the application of the law to the facts, and, in such a case, the trial court’s judgment is not accorded a presumption of correctness. Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996).
Southern United argues that the children are not included as insureds in their mother’s uninsured motorist coverage provision in her insurance policy. The pertinent provision provides:
“2. Who is Insured? — The following are insureds under ‘III. Coverages, Section C: Uninsured Motorists Coverage.’
“a. You;
“b. Your family member or a resident of your household while occupying or using an insured auto;.... ”
The policy defines “family member” as “a person living in your household and related to you by blood, marriage or adoption, including your ward or foster child.”
It is undisputed that the children are “family members.” At the time of the accident all of the children were minors and were residing in their mother’s household. However, Southern United claims that section 2.b., quoted above, means that a “family member” is insured when he or she is “occupying or using an insured auto.” The children argue that section 2.b. means that a “family member” unlike “a resident of [the named insured’s] household,” is an “insured” even if he or she is not “occupying or using an insured auto.” The parties stipulated that the automobile the children were riding in when they were injured was not an “insured auto” as defined by the policy.
A document is unambiguous if only one reasonable meaning emerges from a reading of it. Reeves Cedarhurst Development Corp. v. First Amfed Corp., 607 So.2d 184 (Ala.1992). The wording of section 2.b. makes it unclear whether a “family member” is required to be “occupying or using an insured auto” in order to be insured. Because its wording is unclear, the document is not sufficiently explicit for the reader to ascertain the true meaning and intentions of the parties. Under this particular set of facts, more than one reasonable meaning has emerged from a reading of the policy provision; this fact creates an ambiguity in the document.
We note that any ambiguities in an insurance policy are to be resolved in favor of coverage. Sullivan v. State Farm Mut. Auto. Ins. Co., 513 So.2d 992, 994 (Ala. 1987). “Where there is any doubt or confusion as to the meaning of a term in an insurance policy, the general rule of contracts applies to the policy, so that the contract is interpreted against the party which drafted the contract.” Boone v. Safeway Ins. Co. of Alabama, 690 So.2d 404, 406 (Ala.Civ.App.1997), citing Home Indem. Co. v. Employers Nat’l Ins. Co., 564 So.2d 945 (Ala.1990). “Any language of an insurance contract that is susceptible to more than one interpretation must be construed in favor of coverage for the insured.” Boone, 690 So.2d at 404, citing St. Paul Fire & Marine Ins. Co. v. Edge Memorial Hosp., 584 So.2d 1316, 1322 (Ala.1991) (citing National Union Fire Ins. Co. v. Leeds, 530 So.2d 205, 207 (Ala.1988)).
In its judgment, the trial court stated that it had previously conducted a hearing on Southern United’s motion for a summary judgment and that at that hearing the court had indicated that unless something more was presented by the parties the court was inclined to find in favor of the children. The transcripts to that hearing are not included in the record on appeal. Apparently, the trial court relied on the testimony and evidence from that hearing, and on the stipulation of facts and the insurance policy. The trial court did *505 not state its reasoning for finding in favor of the children. However, the court apparently concluded that section 2.b. of the policy was ambiguous and held that the provision did not require that a family member be “occupying or using an insured auto” in order to be insured under the policy’s uninsured-motorist coverage. We find that this was a proper construction of the provision. Boone, supra.
Under the dissent’s reasoning, a small child riding in his grandmother’s car would not be covered by the uninsured-motorist provision of his parents’ policy. A child riding in a car pool to school or Little League practice would not be covered by his parents’ coverage. Certainly, children are every bit as protected by the uninsured-motorist coverage as the parent paying the premium.
We note that uninsured-motorist coverage inures to the person, not to a motor vehicle. See § 32-7-23, Ala.Code 1975. It would be unrealistic to cover a parent whether or not the parent is in an insured automobile but to provide coverage for the parent’s infant child only when the child is occupying the insured automobile. The dissent appears to want each child of a named insured to have a separate, individual policy so that he or she will have uninsured-motorist coverage. If anything about this provision strains common sense, it is the way the dissenting opinion construes it.
We add that we agree with the dissent’s assertions that the children would be excluded under the liability provision of the policy. However, “liability insurance” is not the issue of this case. Whether or not Janice is entitled to liability coverage is not a factor in whether she is entitled to uninsured motorist coverage. The dissent states, “[t]he fact that liability coverage would not extend to Janice compels me to the conclusion that the uninsured motorist provision, as it is written, likewise does not extend coverage to her.” As stated earlier, uninsured motorist coverage inures to the person, not to a motor vehicle, whereas, liability coverage is to the vehicle. Thus, it is elementary that liability coverage would be more exclusive than uninsured motorist coverage.
Southern United also argues that the children are excluded under the “named driver exclusion” and, therefore, are not entitled to uninsured-motorist coverage. The “named driver exclusion” provides: “This policy will not cover any motor vehicle while it is being driven, operated, or manipulated by, or under the care, custody or control of a driver specifically excluded by the named insured, either with or without permission.” The three children are specifically named as excluded under this provision. In arguing that this exclusion does not apply to exclude them from uninsured-motorist coverage, the children rely on State Farm Mut. Auto. Ins. Co. v. Jackson, 757 F.2d 1220 (11th Cir.1985), which states (applying Alabama law): “Uninsured motorist coverage inures to a person, not to a vehicle .... [uninsured motorist coverage is not dependent on the insured [person’s] being injured in connection with a vehicle which is covered by the liability insurer against whom recovery is sought under the uninsured motorist provisions.” 757 F.2d at 1226 (quoting State Farm Mut. Auto. Ins. Co. v. Jackson, 462 So.2d 346, 353 (Ala.1984)).
By its terms, this exclusion excludes coverage to a vehicle. It does not exclude the three named children from coverage for bodily injury. Moreover, it appears that this exclusion applies to liability coverage and not uninsured-motorist coverage. From a review of the policy, the stipulation of facts, and the parties’ arguments, we cannot say that the court erred. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
YATES, J., concurs.
*506 ROBERTSON, P.J., concurs in the result.
CRAWLEY and THOMPSON, JJ„ dissent.