The Town of Orange Beach ("Town") sued Scottsdale Insurance Company ("Scottsdale"),[1] alleging a breach of a contract of insurance. The trial court submitted the issue of coverage to the jury. Specifically, the question presented to the jury was whether a letter notifying the Town of the possibility of a pending suit was considered a "claim" within the meaning of the policy language.
The jury ruled in favor of the Town, finding that the letter was not a "claim." The parties had previously stipulated that the amount of damages to compensate for not having provided coverage was $17,689. Scottsdale appeals from the resulting judgment.
The record reveals the following: Scottsdale issued a "public officials and employees legal liability" policy of insurance to the Town. The policy insured the Town for all sums that it would become legally obligated to pay as damages as the result of "claims made" during the policy period (October 21, 1988, to October 21, 1989) and for attorney fees for defending such claims.
The policy, in pertinent part, reads as follows:
 "The Company will pay on behalf of the INSURED [Town] all sums which the INSURED shall become legally obligated to pay as damages as a result of claims first made during the period of this policy. . . .
". . . .
 "1) If, during the policy period . . . the INSUREDS shall receive written or oral notice from any party that it is the intention of such party to hold the INSUREDS responsible for a WRONGFUL ACT, they shall give written notice to the Company of the receipt of such written or oral notice, . . . then, any claims made against the INSUREDS arising out of such WRONGFUL ACT shall, for the purpose of this policy be treated as a claim made during the policy year in which such notice was given. . . ."
(Emphasis added.) We note that the policy does not define "claim."
It is undisputed that on October 19, 1988, which was before the effective date of the insurance policy, the Town received a letter from the owners of a business known as Isle of Fantasy, which stated:
 "Consequently, we are preparing to file suit for damages. We regret that this is necessary. The damages would be mitigated if the Town of Orange Beach would quickly approve the zoning agreed to by the Planning Commission and Council. We will be happy to discuss this matter with your council at any time."
It is also undisputed that when the Town was served with a copy of a summons and complaint in the action against it (Isle of Fantasy v. Town of Orange Beach, et al.), which was within the policy period, Scottsdale was immediately notified in accordance with the policy. Scottsdale assumed the defense of the Town, but later declined to provide any further defense and declined coverage. Scottsdale contended that the October 19, 1988, letter was a "claim," within the terms of the policy of insurance, and that because it had come before the effective date of the policy, no coverage was due. However, the Town contended that the letter was not a "claim" within the meaning of the policy and that Scottsdale had breached its contract of insurance when it declined coverage.
Scottsdale contends that the trial court erred in submitting the issue of coverage to the jury. It contends that the trial court should have ruled that, as a matter of law, Scottsdale neither owed coverage nor owed a duty to defend the pending litigation against the Town because, it says, there was a "claim first made" against the Town (the October 19, 1988, letter) before the effective date of the policy of insurance.
We do not disagree with Scottsdale's argument that the trial court had the authority to resolve ambiguities in the policy regarding its coverage. However, the trial court found an issue of fact, which it presented to the jury. The jury found that issue in favor of the insured, and we are *Page 1325 
cited no authority that compels us to hold that the trial court committed reversible error.
"If a contract in its terms is plain and free from ambiguity, there is no room for construction, and it is the duty of the court to enforce it as written." Murray v. Alfab, Inc.,601 So.2d 878 (Ala. 1992), quoting McDonald v. U.S. Die Casting Development Co., 541 So.2d 1064 (Ala. 1989). However, if the language of an insurance policy is ambiguous it is to be liberally construed in favor of the insured. National UnionFire Ins. Co. v. City of Leeds, 530 So.2d 205 (Ala. 1988).
Here, the policy provides that its liability is limited to "claims first made during the [policy] period," October 21, 1988, to October 21, 1989. However, when applying the policy language (as set out above) to the October 19, 1988, letter, we find an ambiguity as to whether that letter constituted a "claim." The ambiguity created by the policy centers around the distinction made in the policy between the word "claim" and a "notice" of an "intention . . . to hold the insureds responsible." It seems obvious that the determination of what is or is not a "claim" is essential to a resolution of the coverage question; however, Scottsdale did not define the term in its policy of insurance. Therefore, the jury was asked to make this determination, which it did in favor of the Town.
We note that Scottsdale also raises an evidentiary question concerning the admission of certain testimony. The decision to allow testimony is a matter within the discretion of the trial court. Mason Dixon Line, Inc. v. Byrd, 601 So.2d 68 (Ala. 1992). The record shows no abuse of discretion in this regard.
The judgment is affirmed.
AFFIRMED.
MADDOX, ALMON and STEAGALL, JJ., concur.
ADAMS, J., concurs in the result.
[1] Scottsdale's agent, Dennis Statska, was dismissed as a defendant in this case prior to trial.