James Hall's house sustained structural damage when the buried water line furnishing water to the house burst just outside the basement wall or at the basement wall, causing the basement wall to be pushed inward. In my opinion, the terms of the insurance contract executed between Hall and American Indemnity create a jury question as to whether American Indemnity should provide coverage for the damage. Accordingly, I dissent from the majority's affirmance of the summary judgment in favor of American Indemnity.
It should first be noted that the provisions of insurance policies must be construed as the ordinary person would interpret those provisions. St. Paul Fire Marine Ins. Co. v.Edge Memorial Hosp., 584 So.2d 1316 (Ala. 1991). Of course, if a contract is plain and unambiguous, it is the duty of this Court to enforce its provisions as written. Murray v. Alfab,Inc., 601 So.2d 878 (Ala. 1992). However, if the language of the American Indemnity insurance policy is ambiguous, that language must be liberally construed in favor of Hall.Scottsdale Ins. Co. v. Town of Orange Beach, 618 So.2d 1323
(Ala. 1993). Further, it is well settled that a contract's exceptions to insurance coverage must be interpreted as narrowly as possible against the insurer, so as to provide maximum coverage for the insured. Alliance Ins. Co. v.Reynolds, 494 So.2d 609 (Ala. 1986).
In my opinion, the "PERILS INSURED AGAINST" and the "GENERAL EXCLUSIONS" provisions of the American Indemnity policy are ambiguous. As the majority notes, the "PERILS INSURED AGAINST" provision includes coverage of the following:
 "9. wear and tear; marring; deterioration; inherent vice; latent defect; mechanical breakdown; rust; mold; wet or dry rot; contamination; smog; smoke from agricultural smudging or industrial operations; settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings; birds, vermin, rodents, insects or domestic animals. If any of these cause water to escape from a plumbing, heating or air conditioning system or household appliances, we cover loss caused by the water."
(Emphasis added.) However, the policy's exclusion provisions refuse coverage for the following:
"3. Water Damage, meaning:
". . . .
 "c. water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a *Page 561 
building, . . . foundation, . . . or other structure."
I believe that a jury could easily determine that the American Indemnity contract provides for coverage of Hall's damage caused by the burst plumbing pipe. It is generally recognized that the homeowner's plumbing (water line) begins at the supplier's meter and extends to and throughout his house. It is doubtless that the pressure from his plumbing caused the basement wall to deteriorate; this damage falls clearly within clause 3 of the "PERILS INSURED AGAINST" provision. A jury could also possibly find coverage for Hall under clauses 8 and 9 of that provision. Although American Indemnity attempts to exclude damage from "water which exerts pressure on . . . a . . . foundation," that exclusion must be construed against American Indemnity. Alliance Ins. Co. v. Reynolds, supra. Given the facts of this case and the contradictory provisions of the American Indemnity insurance policy, it is clear to me that the question of Hall's coverage is properly one for the jury. Therefore, I respectfully dissent.
HORNSBY, C.J., joins INGRAM, J., as to that portion of this dissent regarding American Indemnity Group.